UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>            Plaintiff,                             )<br>                                                            )<br>        v.                                             )<br>                                                            )<br>JEANIA DYSON,                             )<br>                                                            )<br>            Defendant.                        )<br>_____ ) | Case No. CR02-0202-MJP-JPD<br>               CR04-0336-MJP-JPD<br><br>SUMMARY REPORT OF U.S.<br>MAGISTRATE JUDGE AS TO<br>ALLEGED VIOLATIONS<br>OF SUPERVISED RELEASE |

An evidentiary hearing on a petition for violation of supervised release in these cases was conducted before the undersigned Magistrate Judge on May 18, 2006. The United States was represented by Assistant United States Attorney Susan Dohrmann, and the defendant by Mr. James Vonasch. The proceedings were recorded on cassette tape.

On or about November 26, 2002, defendant was sentenced by the Honorable Marsha J. Pechman to twenty-one (21) months in custody to be followed by five (5) years of supervised release on charges of Bank Fraud. On or about March 4, 2005, defendant was sentenced again by the Honorable Marsha J. Pechman to eight (8) months and ten (10) days in custody to be followed by three (3) years of supervised release on a charge of Escape.

The conditions of supervised release included the requirements that the defendant comply with all local, state, and federal laws, and with the standard conditions. Special conditions imposed included, but were not limited to, substance-abuse treatment participation, consent to search and seizure, maintaining a single checking account in defendant's name, personal computer inspection, prohibition from incurring new credit or

opening additional lines of credit, employment restriction, and identification restrictions, financial disclosure, and restitution.

In a Petition for Warrant or Summons dated April 28, 2006, and a Violation Report and Warrant Request of the same date, U.S. Probation Officer Brian Rogers asserted the following violations by defendant of the conditions of her supervised release:

(1) Associating with persons engaged in criminal activity on or about April 20, 2006, in violation of standard condition No. 9.

(2) Associating with individuals convicted of a felony without permission by the probation officer on or about April 20, 2006, in violation of standard condition No. 9.

At the hearing, the government dismissed the second alleged violation without prejudice. An evidentiary hearing began on the first alleged violation. The government indicated its intent to call three witnesses, United States Probation Officer Brian Rogers, and two Gig Harbor Police Detectives. During the testimony of Probation Officer Rogers, the defendant's counsel indicated that the defendant would be willing to proceed by proffer. As a result, the government proffered that Gig Harbor police were responding to a merchandise loss of $7,000 at a Gig Harbor Home Depot caused by five people who had been using fraudulent identification. While taking the report, the police officer noticed people attempting to load items on a cart for purchase. They attempted to purchase approximately $13,000 worth of merchandise when the checker called store security because it appeared that a proffered driver's license was forged. The five people fled the store and went to a Ford Explorer and a U-Haul truck. This group included the defendant. The police were notified that they looked like the same people who had engaged in the earlier theft.

The defendant and four others (Joseph Hayden, Desiree Webber, Jack Vardaro, and Derrick Goodloe) were arrested and booked into the Pierce County Jail for conspiracy to commit theft in the first degree. At least two of those arrested told police officers that the defendant was an active participant in their identity-theft actions. She denied involvement

and said she was drunk, asleep in the car, and did not go into the store.. This was belied by a store videotape that showed the defendant in the store. All five arrested have felony convictions.

After the proffer, the defendant stated that she would not challenge the evidence proffered, and had no witnesses to call on her behalf.

As a result, I recommend that the Court find the defendant to have violated the terms and conditions of her supervised release as to violation No. 1, and that a disposition hearing on this violation be set.

A disposition hearing will be set before the Honorable Marsha J. Pechman at a time to be determined. Pending a final determination by the Court, the defendant has been detained.

DATED this 19th day of May, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

cc:  District Judge:        Honorable Marsha J. Pechman
     AUSA:                  Ms. Susan Dohrmann
     Defendant's attorney:  Mr. James Vonasch
     Probation officer:     Mr. Brian Rogers